

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co*

Honorable William J. Lawson
Secretary of State
Austin, Texas

Dear Mr. Lawson:

Opinion No. O-2947

Re: Matter of the corporate-
purpose clause of Special
Events Corporation of Gal-
veston -- "the support of
benevolent or educational
undertaking."

We have your letter of June 6, 1941, referring
to an earlier request by your Department for an opinion,
as follows:

"We have received an application for a
charter for a corporation to be known as
'SPECIAL EVENTS CORPORATION OF GALVESTON.'
The purpose given in the application is:

'the support of benevolent and
educational undertakings, and
more particularly to cooperate
with the Galveston Chamber of
Commerce and the Galveston
Junior Chamber of Commerce by
staging pageants and similar
events to educate the public
as to the history and the nat-
ural advantages of the City of
Galveston.'

We have advised the applicants that although
the term 'benevolent and educational under-
taking' is used we believe the corporation
is more properly under the Chamber of Commerce

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable William J. Lawson - page 2

> subdivision of Article 1302 than under the
> charitable and benevolent subdivision. Ac-
> cording to previous Attorney General's rul-
> ings the charter for a Chamber of Commerce
> requires a filing fee of $50.00 and before
> the corporation will pay the additional
> $40.00 they wish an opinion from your De-
> partment as to whether they come within
> Subdivision 2 and are thus permitted to
> pay the $10.00 filing fee."

It is the opinion of this Department that the articles of incorporation upon their face show a purpose coming within Section 2 of Article 1302 of the Revised Civil Statutes.

This Department and this administration have written many opinions construing purpose clauses in the light of this Subdivision, the last of which, perhaps, is No. O-2902.

In the opinion last mentioned we pointed out that the corporate purpose must be stated with suffi-cient clarity to enable the Secretary of State to deter-mine that the purpose specified is one provided for by the statutes -- defined with certainty.

We think "staging pageants and similar events to educate the public as to the history and the natural advantages of the City of Galveston", is essentially an educational undertaking within the meaning of the stat-ute -- defined with reasonable certainty. The statute is to receive a liberal and a commonsense construction.

The decision of our Supreme Court in Conley v. Daughters of the Republic, 156 S. W. 197, is control-ling of the question before us. It is there said:

> "The Attorney General asserts that the
> corporation was not lawfully created under

Honorable William J. Lawson - page 3

the statute of this State, because the law does not authorize the creation of such corporation for the purposes named in its charter. The second subdivision of Article 1121, Revised Statutes, reads: 'The purposes for which private corporations may be formed are: * * * (2) The support of any benevolent, charitable, educational or missionary undertaking.' The purpose of this corporation is clearly 'educational'. Whatever educates is within the meaning of 'educational undertaking.' Education in the sense as used in the statute includes: 'In its broadest sense,* * * not merely the instruction received at school or college, but the whole course of training, moral, intellectual and physical, is not limited to the ordinary instruction of the child in the pursuits of literature. It comprehends a proper attention to the moral and religious sentiments of the child. And it is sometimes used as synonymous with "learning".' 14 Cyc. p. 1230. The sentiment of regard for the memory of those who gave their lives for the blessings of this great State stimulates patriotism, and is in the highest sense educational. * * *"

The purpose clauses of the charter of the Daughters of the Republic pertinent were:

"1st. To perpetuate the memory and spirit of the men and women who have achieved and maintained the independence of Texas.

"2nd. To encourage historical research into the earliest records of Texas, especially those relating to the revolution of 1835 and the events which followed; to foster the preservation of documents and relics and to encourage the publication of records of individual service of soldiers and patriots of the Republic.

"3rd. To promote the celebration
of March 2nd (Independence day) and
April 21st (San Jacinto day); to secure
and hallow historic spots by erecting
monuments thereon, and to cherish and
preserve unity of Texas as achieved and
established by the fathers and mothers
of the Texas Revolution."

It is always possible that any corporation to
subserve an end will exceed its legitimate corporate
purposes in its real activities. But this considera-
tion does not arise upon the face of the charter. So
that, if you are satisfied from a consideration of the
facts and circumstances surrounding this request that
the real purposes of the proposed corporation are those
stated in the articles, you should approve the charter,
otherwise you would be authorized to call for addition-
al information upon which to base your action.

The evil of actual exercise of powers beyond
the legitimate corporate purpose of the corporation is
the concern of another department of the Government.

Very truly yours

APPROVED JUN 10, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS-MR



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN